**Harold L. TENNYSON and Emma Tennyson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 84–1131.**

United States District Court, D. Idaho.

Nov. 20, 1985.

Denis E. Grande, Paul M. Floyd, Arthur, Chapman, Michaelson and McDonough, P.A., Minneapolis, Minn., for taxpayers.

F. Michael Kovach, Jr., U.S. Dept. of Justice, Washington, D.C., Maurice O. Ellsworth, U.S. Atty., Boise, Idaho, for United States.

## ORDER GRANTING SUMMARY JUDGMENT

ROBERT J. McNICHOLS, Chief Judge.

This is an action by the plaintiff taxpayers to recover income taxes assessed through a deficiency procedure by the defendant. The deficiencies were paid and this Court has jurisdiction of an action to recover the amount so paid by virtue of 28 U.S.C. § 1346(a)(1) where the claim is made that the deficiency was erroneously assessed.

Defendant has moved for summary judgment. The parties rely respectively on exhibits, deposition testimony, affidavits and references to controlling precedent.

Plaintiffs attempt to avail themselves of an investment tax credit for tangible personal property used as an integral part of manufacturing or other uses commonly known as "Section 38 property". Section 38 property is defined and limited by Section 48 of the Internal Revenue Code of 1954 (26 U.S.C. § 48(a) ). Section 48(a)(1)(B) of the Internal Revenue Code excludes "a building and its structural components". Treasury Regulation, Section 1.48–1(c) further excepts from tangible personal property eligible for Section 38 exemption "land and improvements thereto, such as buildings and other inherently permanent structures ...".

The property which plaintiffs seek to qualify as eligible for the tax exemption under Section 38 is a Taco John's restaurant consisting of a pre-fabricated wood-frame structure with a heavy plywood floor. The restaurant is 12 feet wide and 30 feet long, weighs 12 tons and rests on a specially formed concrete foundation. It is attached to electric power, water and sewer. The structure is fitted with eye bolts and so fabricated as to be capable of being disconnected from the utilities ties, hoisted from the foundation for loading on a low-boy type of truck and for transportation.

The single issue presented in the case is whether or not the Taco John restaurant structure is tangible personal property which is eligible for the Section 38 investment tax credit, as plaintiffs contend. On the contrary is the structure a building and therefore excluded from the benefits of the investment tax credit as defendant contends.

I hold and find that there is no genuine issue as to any material fact and that as a matter of law the structure involved is a building and as such not tangible personal property eligible for treatment as Section 38 property. It follows that defendant is entitled to summary judgment.

IT IS SO ORDERED.